UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    CV 07 9910 SWK
MAVIS GALLIER,

                                                                                  **Answer and**
                              Plaintiff,                      **Demand for Jury**

                -against-

HOME DEPOT U.S.A. INC.,

                            Defendant.
------------------------------------------------------------------X

       The Defendant, Home Depot U.S.A. Inc. (and hereafter referred to as Home Depot) by its attorneys Donovan Hatem, LLP, as and for its Answer to the Plaintiff's Complaint, respectfully states upon information and belief as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

      2.     Denies the truth of the allegations contained in paragraph "2" of the Complaint.

      3.     Admits the allegations set forth in paragraph "3" of the Complaint.

      4.     Denies the truth of the allegations contained in paragraph "4" of the Complaint.

      5.     Denies the truth of the allegations contained in paragraph set forth in paragraph "5" of the Complaint.

      6.     Denies the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and refers all questions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and refers all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and refers all questions of law to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and refers all questions of law to the Court.

12. Denies the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the Complaint and refers all questions of law to the court.

14. Denies the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies the truth of the allegations contained in paragraph "15" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any injuries or damages sustained by Plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said Plaintiff and not as a result of any negligence and/or culpable conduct on the part of Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against Defendant, and must therefore be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom Defendant did not and was not obligated to exercise supervision or control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That in the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance, social security, worker's compensation or employee benefit programs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons

or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence, as set forth in Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, which are expressly denied, were not proximately caused by Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join (a) necessary party(ies).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The complaint should be dismissed based on the applicable Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief the injuries or damages alleged by Plaintiff, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Defendant violated no legal duty owing by it to plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, Defendant was not guilty of and is not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiff complains.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged injuries.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of his own conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no notice-actual or constructive- of any defect or unsafe condition- the existence of which is expressly denied-which may found to have existed at or about the area in question.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant maintained no presence at the area in question and had no responsibility with respect to the area in question.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant had no custody or control over the area in question and had no responsibility for the condition of the area in question.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant owed no duty or responsibility to safeguard the Plaintiff and exercised no control over his activities.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

At the time of the alleged incident, the Plaintiff was engaged in activity which he knew to be hazardous in nature and, therefore, the Plaintiff assumed the risk and consequences inherent in such activity.

**WHEREFORE,** Defendant demands judgment:

a.  Dismissing the Complaint;

b   Awarding costs and expenses of this litigation, including attorneys' fees.

Dated: New York, New York
November 13, 2007

DONOVAN HATEM LLP
*Attorneys for Defendant*

_____
David M. Pollack (DP 6143)
One Penn Plaza, Suite 3324
New York, New York 10119
Tel: (212) 244-3333

To:     Mallilo & Grossman, Esqs.
        Attorney for Plaintiff
        163-09 Northern Boulevard
        Flushing, New York 11358
        (718) 461-6633

01124143